IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| **ALICIA CASSANDRA GAMBRELL,** )<br>)<br>**Petitioner,** )<br>v. )<br>)<br>**MYRON BATTS,** )<br>)<br>**Respondent.** ) | **Civil Action No. 1:11-0042** |

## MEMORANDUM OPINION AND ORDER

On January 19, 2011, Petitioner, acting *pro se* and incarcerated at FPC Alderson, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document Nos. 1 and 6.) Essentially, Petitioner challenges the validity of her conviction imposed by the Eastern District of Virginia. Having considered Plaintiff's claims in this matter and circumstances apparent from the record of the proceedings in the Eastern District of Virginia, the undersigned has concluded that this matter should be transferred to the Eastern District of Virginia in the interest of justice pursuant to 28 U.S.C. § 1631.

## BACKGROUND

On March 4, 2010, Petitioner pled guilty in the United States District Court for the Eastern District of Virginia to one count of bank fraud, in violation of 18 U.S.C. § 1344(1) and (2) (Count One); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Seven). United States v. Gambrell, Criminal Action No. 3:09-0286 (E.D.Va. July 22, 2010). Petitioner was sentenced on July 22, 2010, to a 15-month term of imprisonment as to Count One and

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

a 24-month term of imprisonment as to Count Seven, to be served consecutively. Id., Document Nos. 33 - 34. The District Court further imposed a 5-year term of supervised release as to Count One and a 1-year term of supervised release as to Count Seven, to be served concurrently. Id. Petitioner did not appeal her conviction or sentence.

Petitioner filed the instant Petition on January 19, 2011 (Document No. 1.) and her Amended Petition on June 14, 2011 (Document No. 6.). As grounds for *habeas* relief, Petitioner alleges that she "is innocent of the conduct for which she stands incarcerated as a result of the interpretation of § 1346 and its relation to § 1344 et seq. by the Supreme Court." (Document No. 1, p. 1.) Specifically, Petitioner contends that she is actually innocent of mail fraud and her conviction should be reversed based upon the "retroactivity of the Supreme Court's decisions in Skilling v. United States, ___ U.S. ___, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), Black v. United States, ___ U.S. ___, 130 S.Ct. 2963, 177 L.Ed.2d 695 (2010), and Weyhrauch v. United States, ___ U.S. ___, 130 S.Ct. 2971, 177 L.Ed.2d 705 (2010)." (Id., p. 2.) On February 23, 2012, the Court notified Petitioner of its intention to re-characterize her Section 2241 Petition as a Section 2255 Motion pursuant to United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). (Document No. 11.) On March 9, 2012, Petitioner filed her Response stating that "I, Alicia Gambrell, wish to have my petition re-characterized as a motion under Section 2255 for the motion under Section 2241." (Document No. 12.)

## DISCUSSION

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or

ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

Petitioner is requesting that her conviction be overturned because she is actually innocent based upon the "retroactivity of the Supreme Court's decisions in Skilling v. United States, ___ U.S. ___, 130 S.Ct. 2896, 177 L.Ed.2d 619 (2010), Black v. United States, ___ U.S. ___, 130 S.Ct. 2963, 177 L.Ed.2d 695 (2010), and Weyhrauch v. United States, ___ U.S. ___, 130 S.Ct. 2971, 177 L.Ed.2d 705 (2010)." Petitioner is therefore claiming that her conviction is invalid. Her assertions are in the nature of those typically considered under Section 2255. By Order and Notice entered on February 23, 2012, the Court notified Petitioner that her claims are ones properly considered under Section 2255, not Section 2241. (Document No. 11.) Subsequently, Petitioner advised the Court that she agreed that her Section 2241 Petition should be construed as a Section 2255 Motion.(Document No. 12.) Accordingly, in view of the nature of her claims and other considerations discussed above, the undersigned finds that Petitioner's claims in this matter must be considered under Section 2255. Section 2255 requires that proceedings must be initiated in the Court where sentencing occurred. Petitioner's sentencing occurred in proceedings in the Eastern District of Virginia. This District

Court does not have jurisdiction to consider Petitioner's claims. Jurisdiction with respect to the claims which Petitioner raised herein is therefore in the Eastern District of Virginia.

Consideration must be given to whether this matter should be dismissed or transferred to the Eastern District of Virginia. Title 28 U.S.C. § 1631 provides as follows respecting transferring civil actions:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

The undersigned has found from a study of case law that the transfer of a matter is "in the interest of justice" if the claims raised in the matter are sufficiently meritorious and/or the petitioner would be procedurally barred from raising them anew in the District with jurisdiction if they were dismissed in the District contemplating transfer.[2] See Wilson v. Williamson, 2006 WL 218203, *

---

[2] Pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255 must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

2 (S.D.W.Va.)(Chief Judge Faber presiding). The undersigned finds that if dismissed by this Court, Petitioner would be procedurally barred from raising her claims anew in the District Court with jurisdiction (the Eastern District of Virginia). Accordingly, the Court finds that Petitioner's claims are deserving of consideration by the Eastern District of Virginia and that the transfer of this matter is in the interest of justice and therefore warranted.

Accordingly, it is hereby **ORDERED** that this matter is **TRANSFERRED** to the Eastern District of Virginia pursuant to 28 U.S.C. § 1631. The Clerk is directed to **REMOVE** this matter from the Court's docket.

The Clerk is further directed to send a copy of this Memorandum Opinion and Order to Petitioner, who is acting *pro se*, and the Clerk of the Court for the United States District Court for the Eastern District of Virginia.

ENTER: March 12, 2012.

R. Clarke VanDervort
United States Magistrate Judge